FILED
CLERK OF COURT
2024 NOV 20 PM 4: 34
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FILI, SIOTA, JR.
DOB: 02/24/1967

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0589-14**
GPD Report No. 14-32475
CRIMINAL CASE NO. **CF0770-18**
GPD Report No. 18-36895


**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION**

This matter came before the Honorable Alberto E. Tolentino on September 3, 2024, for a Revocation Hearing. Defendant Fili Siota, Jr. ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

# BACKGROUND

## A. The Defendant's Violations on Pre-trial Release

On December 2, 2014, Defendant Siota was charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Indictment (Dec. 2, 2014). Before the court accepted Siota's guilty plea, the Probation Services Division ("Probation") filed eighteen (18) violations against the Defendant. For the first violation, the report indicated that:

1. Defendant failed to submit to a Urinalysis test in December 3, 2014. The defendant was instructed to wait in the testing area; he then left the probation office.
2. The defendant submitted to a drug test on December 9, 2014, with the probation office and tested presumptive positive for methamphetamine. He admitted to ingesting an illegal controlled substance via declaration. This is his first positive test.

1st Violation Report (Dec. 10, 2014). For the second violation, Probation's report indicated that:

The defendant failed to report to probation three times weekly for drug testing. The defendant was ordered to report to probation every Monday, Wednesday, and Friday. He failed to report Dec. 10, 12, 15, 17, 19, 22, 24, 31, Jan. 2, 5, 7, & 9. It is noteworthy to mention that he was seen exiting his Orange Charger and walking into the Liberty House Game Room in Barrigada.

2nd Violation Report (Jan. 12, 2015). The violations were addressed before the Honorable Vernon P. Perez on January 20, 2015. Criminal Trial Setting Mins. at 3:59:23PM (Jan. 20, 2015). The Defendant was also declared legally eligible to participate in the Adult Drug Court II Program ("Adult Drug Court"). Ppl.'s Declaration (Jan. 21, 2015). For the third violation, the report indicated that:

The Defendant failed to refrain from ingesting any illegal controlled substances. On February 11, 2015, the Defendant admitted, through a signed declaration, to ingesting an illegal controlled substance, namely "ice" on 2/9/2015 around 10:30PM. This is the Defendant's second positive.

3rd Violation Report (Feb. 11, 2015). The court held a Further Proceedings on February 17, 2015, where the Defendant answered for the violation and was sanctioned six (6) days of

confinement at the Department of Corrections. Further Proceedings Mins. at 9:45:48AM (Feb. 17, 2015). For the fourth violation, the report indicated that:

> The Defendant failed to report to probation three times weekly for drug testing as instructed. The Defendant was released from confinement on February 23, 2015. Since his release, the Defendant has failed to report to the Probation Office on the following date: February 27, March 3, and 4, 2015.

4th Violation Report (Mar. 5, 2015). The court addressed this violation in a Further Proceedings on March 9, 2015. For the fifth violation, the report indicated that:

> The Defendant failed to report to the Probation Office three times a week for drug testing as instructed. The Defendant was released from confinement on February 23rd. Since his release the Defendant has failed to report to Probation on the following dates: February 27, March 3, 4, 6, 9, and 11, 2015.

5th Violation Report (Mar. 13, 2015). Due to the Defendant's lack of reporting, the court issued a warrant for his arrest on March 17, 2015. Further Proceedings Mins. at 9:57:46AM (Mar. 17, 2015). The warrant was returned on May 1, 2015, which led Probation to report a sixth violation. For the sixth violation, the report indicated that:

> 1. On May 1, 2015, the defendant was picked up on an active warrant signed on March 17, 2015 by the Honorable Vernon P. Perez, Judge. The defendant opted to admit to ingesting an illegal controlled substance "meth" via declaration and no test was conducted. This is his third positive test.
>
> 2. The Defendant also failed to report to the Probation Office three times a week for drug testing. The Defendant last checked in with Probation was on February 25, 2015.

6th Violation Report (May 1, 2015). During the Return of Warrant hearing, the court addressed this violation and committed Siota to the Department of Corrections ("DOC") until his next hearing. Return of Warrant Hr'g Mins. at 4:10:26PM. On June 17, 2015, the parties stipulated to the Defendant's off-island travel; and the court ordered the Defendant to return his passport to the court upon his return. Stip. and Order (June 17, 2015). Despite reminders to report,

Probation reported a seventh violation against the Defendant. For the seventh violation, the report indicated that:

> The Defendant failed to report to the Probation Office three (3) times per week as instructed. The Defendant failed to report to the Probation Office on the following dates: June 22, 24, 26, 29, and July 1, 2015.
>
> The Defendant was present at his court hearing before the Honorable Vernon P. Perez on June 29, 2015. The Court instructed the Defendant to report to the Probation Office after his court hearing for testing. The Defendant failed to report to the Probation Office on that date.

7th Violation Report (July 1, 2015). On July 8, 2015, the court issued a warrant of arrest due to the Defendant's failure to report, which was returned on September 16, 2015. The court addressed the seventh violation on September 22, 2015. Because the Defendant agreed that he was ready to following his probationary conditions, the court granted his release from confinement but imposed house arrest with the exception of traveling to and from his business. Further Proceedings Mins. at 10:38:41AM (Oct. 19, 2015). Less than two months later, Probation reported an eighth violation against the Defendant. For the eighth violation, the report indicated that:

> Defendant failed to report to the probation office for three times weekly drug testing. The defendant is ordered to report to the Probation Office every Monday, Wednesday, and Friday. He failed to report on November 16, 18, 23, 25, and 30 2015 and December 2, 2015.

8th Violation Report (Dec. 4, 2015). Although he failed to attend a required court hearing, the court gave the Defendant another chance to comply with his probationary conditions; however, he still failed to report. Further Proceedings Mins. at 10:25:58AM (Dec. 8, 2015).

\\

\\

\\

For the ninth violation, the report indicated that:

> Defendant failed to report to the probation office for three times weekly drug testing. The defendant is ordered to report to the Probation Office every Monday, Wednesday, and Friday. He failed to report on December 4, 7, 9, 11, 14 and 16, 2015.

9th Violation Report (Dec. 18, 2015). During a Further Proceedings, the People informed the court that the Defendant was absent, because he was in the hospital. Further Proceedings Mins. at 10:32:41AM (Dec. 21, 2015). However, the court issued another a warrant of arrest due to the Defendant's failure to inform Probation of his whereabouts. *Id.* Upon the warrant's return on January 6, 2016, the Defendant was committed to DOC that same day. The court addressed the Defendant's ninth violation on January 11, 2016, where the Defendant informed the court that the parties were working towards a resolution after his surgery. Return of Warrant Hr'g Mins. at 11:45:26AM (Jan. 11, 2016). The court then released the Defendant after admonishing him to check in with his attorney and Probation. *Id.* at 11:47:52AM. For the tenth violation, the report indicated that:

> Defendant failed to report to the probation office for three times weekly drug testing. The defendant is ordered to report to the Probation Office every Monday, Wednesday, and Friday. He failed to report on January 13, 15, 18, 20, 22, 25, 27, and 29, 2016 and February 1 and 3, 2016.

10th Violation Report (Feb. 4, 2016). The court issued another warrant for the Defendant's arrest on February 9, 2016, which was returned that same month. During the Return of Warrant hearing, the court addressed the violation and sanctioned the Defendant four weeks at DOC. Return of Warrant Hr'g Mins. at 11:03:25AM (Mar. 3, 2016). For the eleventh violation, the report indicated that:

> Defendant failed to report to the probation office for weekly drug testing. The defendant is ordered to report to the Probation Office once a week. He last reported on May 6, 2016. He failed to report on May 9-13 and May 16-20, 2016. The undersigned probation officer contacted the defendant on May 19, 2016 via

telephone and ordered the defendant to report to the Probation Office. The defendant still failed to report to Probation.

11th Violation Report (May 23, 2016). On the same day Probation issued the Defendant's eleventh violation, the court addressed it in a Further Proceedings. During this proceeding, the Defendant informed the court that there was a death in the family. Further Proceedings Mins. at 4:08:11PM (May 23, 2016). However, the court decided to hold off on any sanction for a few weeks. *Id.* at 4:14:50PM. One month later, Probation filed a twelfth violation. For the twelfth violation, the report indicated that:

> Defendant failed to report to the Probation Office for weekly drug testing. The defendant is ordered to report to the Probation Office once a week. He last reported on May 6, 2016. Attempts made to contact the defendant via telephone were unsuccessful.

12th Violation Report (June 23, 2016). As a result of the violation, the court issued another warrant of arrest on June 27, 2016, which was returned three days later. The court addressed the twelfth violation at a Return of Warrant hearing where the court sanctioned the Defendant. Return of Warrant Hr'g Mins. at 11:05:32AM (June 30, 2016).

On August 3, 2016 Attorney Anthony Perez entered his appearance as substituted counsel for the Defendant. Entry of Appearance (Aug. 3, 2016). Although the court released the Defendant on August 8, 2016, the Defendant received another violation the following month. For the thirteenth violation, the report indicated that:

> Failed to report to the Probation Office three (3) times a week in person as instructed for urinalysis testing. The defendant last reported on September 9, 2016. Attempts to contact the defendant via telephone were unsuccessful.

13th Violation Report (Sept. 27, 2016). On the same day Probation issued the violation, the court issued a bench warrant against the Defendant. Further Proceedings Mins. at 9:04:55AM (Sept. 27, 2016). The warrant was returned on November 29, 2016, and the thirteenth violation

was addressed on December 1, 2016. On January 12, 2017, the court granted his conditional release to Siota's third-party custodians. Order (Jan. 12, 2017).

On March 28, 2017, the court held a Further Proceedings. During this proceeding, the court modified the Defendant's release conditions by: (1) releasing the Defendant's third-party custodians; (2) lifting the Defendant's house arrest; and (3) reducing check-ins with Probation rather from three times a week to once a week. Further Proceedings Mins. at 9:21:20AM (Mar. 28, 2017). Unfortunately, Probation issued a fourteenth violation against the Defendant the following month. For the fourteenth violation, the report indicated that:

> Defendant failed to report to the Probation Office weekly in person. The defendant last reported on March 20, 2017. Attempts made to contact the defendant via telephone were unsuccessful.

14th Violation Report (Apr. 13, 2017). Ten days later, Probation filed another violation against the Defendant. For the fifteenth violation, the report indicated that:

> 1. On April 18, 2017, a Further Proceedings was heard before the Honorable Vernon P. Perez. The defendant's wife was present in Court. She indicated the defendant was ill. The Court continued the hearing to April 25, 2017 and instructed the wife and defendant's attorney to have the defendant report to the Probation Office. To date, the defendant has not reported. On April 24, 2017, attempts were made by the Probation office to contact the defendant . . . however were unsuccessful. The defendant last reported on March 20, 2017. The defendant was instructed to report to the Probation Office once a week in person.

15th Violation Report (Apr. 24, 2017).[1] The next day, the court held a Further Proceedings where the Defendant's absence at the proceeding resulted in a bench warrant for his arrest. Further Proceedings Mins. at 9:16:27AM (Apr. 25, 2017). On July 13, 2017, the warrant was returned; and the court addressed the warrant and fifteenth violation four days later. Return of Warrant Hr'g Mins. at 9:02:11AM (July 17, 2017). On August 7, 2017, the Defendant was assessed and deemed clinically eligible for Adult Drug Court II. Declaration (Aug. 7, 2017).

---

[1] The personal telephone numbers listed within the 15th Violation Report have been redacted.

The court then released the Defendant on August 29, 2017, and ordered that the Defendant check in with Probation three (3) times a week. Further Proceedings Mins. at 10:32:56AM (Aug. 29, 2017).

On September 29, 2017, Attorney Anthony Perez filed a Motion to Withdraw from this matter. Meanwhile, Probation reported a sixteenth violation against the Defendant. For the sixteenth violation, the report indicated that:

> Defendant failed to report to the Probation Office three (3) times a week for drug testing. The defendant is ordered to report to the Probation Office every Monday, Wednesday and Friday. He failed to report on September 18, 20, 22, 25, 27 and 29, 2017. Attempts made to contact the defendant via telephone were unsuccessful.

*Amended* 16th Violation Report (Oct. 3, 2017). The court addressed the sixteenth violation during a Further Proceedings held on October 3, 2017. During the proceeding, Attorney Perez indicated his intent to withdraw from the matter but held off to ensure the Defendant's smooth transition between attorneys. Further Proceedings Mins. at 10:20:24AM (Oct. 3, 2017). Further, the court ordered that the Defendant attend court daily as a sanction for the sixteenth violation. *Id.* However, a week after the court issued this sanction, Probation filed another violation. For the seventeenth violation, the report indicated that:

> 1) Failed to report to the Honorable Vernon P. Perez's courtroom daily to serve his sanction as ordered on October 3, 2017. The defendant last reported on Wednesday October 4, 2017.
>
> 2) Failed to report to the Probation Office three (3) times a week as instructed. The defendant failed to report on Friday, October 6, 2017.

17th Violation Report (Oct. 9, 2017). The following day, the court held a Further Proceedings; however, the Defendant was not present. Further Proceedings Mins. at 9:38:59AM (Oct. 10, 2017). Although the Defendant was not present, his mother was present to inform the court that he was ill. *Id.* Despite his absence, the court granted Attorney Perez's withdrawal from the

matter and appointed the Public Defender Service Corporation ("PDSC") to represent him once again. *Id.* Two days later, Probation reported an eighteenth (18th) violation against the Defendant, which stated that:

> Defendant failed to refrain from ingesting/consuming illegal controlled substances. On October 3, 2017, the defendant submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamines. The defendant denied using any illegal drugs and his urine sample was sent for off-island confirmation. On October 10, 2017, the Probation Office received confirmed results that the defendant's urine was positive for methamphetamines. This is his fourth (4th) positive and first (1st) challenged test.

18th Violation Report (Oct. 12, 2017). Since the violation's filing, the court held three Further Proceedings in this case before issuing a bench warrant for the Defendant's arrest on November 6, 2017. On January 10, 2018, the warrant was returned and the Defendant was committed to DOC.[2] During a Progress Hearing, the court addressed the Defendant's seventeenth and eighteenth violations, which Siota admitted to. Progress Hr'g Mins. at 3:10:15PM (Jan. 16, 2018).

On March 14, 2018, the court released the Defendant on an unsecured bond and set the matter for a Change of Plea hearing. Pre-Trial Conference Mins. at 10:49:23AM (Mar. 14, 2018). On April 24, 2018, the court accepted the Defendant's guilty plea pursuant to the conditions reflected in his Adult Drug Court Plea Agreement. Change of Plea Hr'g Mins. at 11:05:13AM (Apr. 24, 2018).

**B. The Defendant's Violations in Adult Drug Court II Program**

While enrolled in Adult Drug Court, the Defendant accumulated a total of five (5) violations. The Defendant progressed for the first three weeks of participation in Adult Drug

---

[2] After the Honorable Vernon P. Perez issued a bench warrant, the matter was subsequently assigned to the Honorable Anita A. Sukola who committed the Defendant to DOC.

Court.[3] However, he received his first violation in Adult Drug Court on June 15, 2018. For the first violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, and Friday, and as instructed and failed report on the following dates: June 4, 8, 11, 13, 2018.

   This is the probationer's 1st – 4th failures to report for scheduled drug tests since entering the ADCII program.

2. Failed to attend weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on June 4 and 11, 2018.

3. Failed to attend a scheduled and confirmed weekly case manager meeting. The probationer had a confirmed appointment to meet with his case manager on June 4, 2018 and failed to attend.

1st Violation Report (Phase I) (June 15, 2018). One week after his first violation in Adult Drug Court, the court issued a bench warrant for the Defendant's arrest on June 22, 2018. The warrant was returned on July 10, 2018, which the court addressed that same day. During the Return of Warrant hearing, the court issued a five-day sanction for the Defendant's first Adult Drug Court violation. However, Probation filed a second violation against the Defendant on July 27, 2018. For the second violation, the report indicated that the Defendant:

1. Failed to refrain from ingesting/consuming illegal controlled substances. On July 10, 2018 the probationer admitted via a written declaration to "using meth" on July 8, 2018.

2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report to drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: July 16, 18, 19, 23 and 25, 2018.

3. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on July 16 and 23, 2018.

2nd Violation Report (Phase I) (July 27, 2018).

---

[3] Progress Hr'g (May 4, 2018); Progress Hr'g (May 11, 2018); Progress Hr'g (May 18, 2018).

The court intended to address the violation during a Progress Hearing, which the Defendant failed to appear for. So, the court issued another bench warrant for the Defendant's arrest. Progress Hr'g Mins. at 10:32:08AM (July 27, 2018). The warrant was not returned until December 31, 2018. On this same day, the Defendant's new matter – CF0770-18 – was assigned to this court.

During the Return of Warrant hearing, the court addressed the second violation, as well as, the Defendant's new criminal case. Ultimately, the court imposed a thirty-day sanction on the Defendant and vacated the warrant. Return of Warrant Hr'g Mins. at 2:18:55PM (Jan. 2, 2019). For the third violation, the report indicated that the Defendant:

1. Failed to obey the laws of Guam. On December 29, 2018, the probationer appeared before the Magistrate Judge and was charged with Possession of a Scheduled II Controlled Substance (As a 3rd Degree Felony) In CF0770-18. He is currently being held on five thousand dollars ($5,000.00) cash bail.

2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report to drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: June 8, 11, 13, 15, 18, 20, 22, 25, 27, 29, the months of July, August, September, October, November and December 2018.

3. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend the months of June, July, August, September, October, November and December 2018.

3rd Violation Report (Phase I) (Jan. 8, 2019). The court addressed the Defendant's third violation in a Progress Hearing held on January 11, 2019. On January 23, 2019, the court committed the Defendant in both his cases with an auto-release date on January 27, 2019. Further Proceedings Mins. at 11:07:05AM (Jan. 23, 2019). For the month of February, the Defendant attended a majority of his Adult Drug Cout proceedings; however, he was not reporting to Probation. This led to Probation to file a fourth violation against the Defendant.

\\

For the fourth violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report to drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: February 18, 20, 22, 25, 27, March 1, 5, 6, 2019.

2. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on February 18 & 25, 2019.

4th Violation Report (Phase I) (Mar. 7, 2019). During a Progress Hearing, the court issued another bench warrant after the Defendant failed to appear. Progress Hr'g Mins. a 10:42:01AM (Mar. 8, 2019). The warrant was returned on April 17, 2019. On April 18, 2019, Probation filed a fifth violation against the Defendant, which the court addressed that same day. For the fifth violation, the report indicated that the Defendant:

1. Failed to refrain from ingesting/consuming illegal controlled substance. On April 12, 2019, the probationer was apprehended by Judiciary of Guam Marshals on an outstanding warrant of arrest issued by the Court on March 8, 2019. The probationer admitted to smoking "meth" on April 11, 2019, prior to his arrest by Marshals.

2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report to drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: March 8, 11, 13, 15, 18, 20, 22, 25, 27, 29, April 1, 3, 5, 8, 10, & 12, 2019.

3. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on March 4, 11, 18, 25, April 1, & 8, 2019.

5th Violation Report (Phase I) (Apr. 18, 2019). As a sanction, the court ordered the Defendant to serve sixty (60) days at DOC for both his cases. Return of Warrant Hr'g Mins. at 1:42:55PM (Apr. 18, 2019). Due to the Defendant's unsatisfactory participation in Adult Drug Court, the parties filed a Stipulated Modified Judgment, which ultimately withdrew Defendant Siota from the Adult Drug Court II Program. Stipulation Modified Judgment (July 2, 2019).

## C. The Defendant's Violations Since Termination from Adult Drug Court II

Since the Defendant's termination from Adult Drug Court, he accumulated four (4) violations. Although separate violations were filed in CF0589-14 and CF0770-18 on August 27, 2019, both reports indicated that the Defendant:

> Failed to report to the Probation Office three times weekly. The probationer is required to report every Monday, Wednesday, Friday, and as instructed, for drug testing and failed to report on the following dates: July 1, 3, 5, 8, 12, 15, 17, 19, 22, 24, 26, 29, 31; August 2, 5, 7, 9, 12, 14, 16, 21, 23, and 26, 2019.

1st Violation Report (Aug. 27, 2019). Based on this violation, the court issued a bench warrant in both of the Defendant's cases. Further Proceedings Mins. at 10:43:01AM (Aug. 27, 2019). On the same day the bench warrant was returned, Probation reported a second violations in CF0589-14 and CF0770-18. For the second violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report to drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: August 28 & 30; entire month of September 2019; October 2, 4, 7, 9, 11, 14, 16, 18, 21, and 23, 2019.

2. Failed to report to the Guam Behavioral Health and Wellness Center for assessment. The probationer is ordered to complete an assessment for treatment and has failed to do so.

3. Failed to make fine payments. The probationer is ordered to pay a fine of $5000.00 plus court costs and confirmation fees and has failed to make payments. The balance remains at $5,160.00. No payments have been made.

4. Failed to perform Court-ordered community service hours. The probationer is ordered to arrange a schedule to complete one hundred fifty (150) hours of community service and has failed to do so.

5. Failed to attend and submit attendance for sober support meetings. The probationer is ordered to attend twenty-four (24) sober support meetings and has failed to do so.

2nd Violation Report (Oct. 25, 2019).[4]

---

[4] Only the first enumerated reason was listed as a basis for the Defendant's 2nd Violation Report in CF0770-18.

The court addressed this violation at the Defendant's Return of Warrant Hearing held on October 25, 2019. On November 18, 2019, Probation filed a third violation against the Defendant in CF0589-14 and CF0770-18. For the third violation, the reports indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. On October 24, 2019, the probationer was apprehended by Judiciary of Guam Marshals on an outstanding warrant of arrest issued by the Court. At the Return of Warrant hearing on October 25, 2019, the Court ordered that he submit to a drug test, which yielded presumptive positive results for methamphetamine. The probationer admitted to smoking "meth" on October 23, 2019.
>
> This marks the probationer's 1st positive drug test since his termination from ADCII, but his 3rd positive drug test since coming under Probation supervision.[5]

3rd Violation Report (Nov. 18, 2019). The Defendant answered to the court for his third violation the following week. Although he was still held at this time, the court released him from DOC on December 4, 2019. On December 11, 2019, the court held a Further Proceedings. Although the Defendant was not present at this proceeding, his wife appeared to inform the court that "he has been in bed for four days." Further Proceedings Mins. at 10:39:37AM (Dec. 11, 2019). However, Probation filed the same fourth violation against the Defendant in CF0589-14 and CF0770-18 on December 30, 2019. For the fourth violation, both reports indicated that the Defendant:

> Failed to report to the Probation Office three times weekly. The probationer is required to report every Monday, Wednesday, Friday, and as instructed, for drug testing and failed to do so. He last reported to Probation on December 5, 2019.

4th Violation Report (Dec. 30, 2019). Due to the Defendant's absence at another Further Proceedings, the court had to issue another bench warrant in both cases. Further Proceedings Mins. at 10:33:52AM (Dec. 30, 2019). On January 27, 2020, the warrant was returned. While

---

[5] Although the 3rd Violation Reports in both cases provide the same reason for the violation, Probation noted that the Defendant's third violation in CF0770-18 was his first positive drug test, while on pretrial release.

the court addressed the warrant, it held off on addressing the fourth violation at the Return of Warrant hearing. During this hearing, the court became aware of the Defendant's family issues and the Defendant's readiness to accept the People's global plea offer. Return of Warrant Hr'g Mins. at 2:06:53PM (Jan. 31, 2020).

On February 5, 2020, the court held a Violation Hearing to address the Defendant's fourth violation. After doing so, the court confirmed the Defendant's Change of Plea to take place the next day. Violation Hr'g Mins. at 10:32:11AM (Feb. 5, 2020).

## D. The Defendant's Violations Since Globalization

On February 6, 2020, the Defendant pled guilty before the Honorable Anita A. Sukola, which globalized CF0589-14 and CF0770-18 into one agreement. The Defendant's globalized plea agreement allowed his sentences and probationary terms in both cases to run concurrently. Plea Agreement at 4–5 (Feb. 6, 2020). In addition, the agreement extended the Defendant's probationary period for five more years with a new expiration date of February 5, 2025. *Id.* at 5.

Despite the court accepting the Defendant's plea and Siota agreeing to all its terms under oath, he accumulated another three (3) violations since the globalization of his two cases. For the first violation, the report indicated that the Defendant:

> Failed to report to the Probation Office three times a week. He last reported on February 7, 2020 for intake and processing and has not reported after.

> It is noteworthy to mention he was released from the Department of Corrections on February 06, 2019, after taking his plea.

1st Violation Report (Feb. 20, 2020). On February 21, 2020, the court held a Progress Hearing, which the Defendant failed to attend, and ultimately issued a bench warrant for his arrest in both cases. Progress Hr'g Mins. at 1:36:37PM (Feb. 21, 2020). Upon the warrant's return, the court held a Return of Warrant hearing where the Defendant answered for his first violation and the

court vacated the warrant in both cases. Return of Warrant Hr'g Mins. at 9:46:51AM (Nov. 18, 2020). The court issued a Judgment of Conviction in both cases pursuant to its previous acceptance of the Defendant's guilty plea on February 6, 2020. For the Defendant's second violation, Probation's report indicated that he violated the following probationary conditions:

1. Failure to report to the Probation Office three times a week. He last reported on July 12, 2021, by phone.

2. Failure to attend and complete treatment with Lighthouse Recovery Center. His case was closed on June 14, 2021 due to non-attendance.

3. Failure to attend and complete 24 "self help" meetings. To date, no meetings have been attended.

4. Failure to make monthly payments to fine and court cost of $5,080.00. To date, no payments have been made.[6]

5. Failure to perform and complete community service balance of 88 hours. He last performed on February 6, 2019 (credited form CF0589-14).

2nd Violation Report (Aug. 26, 2021). On August 19, 2022, the court issued a warrant for the Defendant's arrest, which was not returned until April 13, 2023. On June 8, 2023, Probation filed a third violation, reporting that the Defendant violated the following probationary conditions:

1. Failure to report to the Probation Office after being released from the Department of Corrections on May 13, 2023 by Judge John C. Terlaje. He last reported on July 12, 2021, by phone.

2. Failure to attend and complete treatment with Lighthouse Recovery Center. His case was closed on June 14, 2021 due to non-attendance.

3. Failure to attend and complete 24 "self help" meetings. To date, no meetings have been attended.

---

[6] The Defendant's 2nd Violation Report in CF0589-14 filed on October 25, 2019, stated that his fine balance was five thousand one hundred sixty dollars ($5,160.00). However, this 2nd Violation Report shows his fine balance decreasing to five thousand eighty dollars ($5,080.00) without the Defendant making any payments in this case. Although the Defendant made no payments toward his fine, the Defendant stated that "[h]e converted his fines to community services." Opp'n at 5 (Aug. 8, 2024).

4. Failure to perform and complete community service balance of 88 hours. He last performed on February 6, 2019 (credited form CF0589-14).

3rd Violation Report (June 8, 2023). Hoping to address the Defendant's progress in his cases, the Defendant was not present at his Progress Hearing on September 5, 2023, which led the court to issue another bench warrant for his arrest. Progress Hr'g Mins. at 2:30:04PM (Sept. 5, 2023). On June 12, 2024, the warrant was returned. On June 18, 2024, the Defendant answered for his failures to report at a Return of Warrant hearing before the Honorable Jonathan R. Quan.

**E. The Defendant's Revocation Hearing on September 3, 2024**

The court held a Progress Hearing on July 18, 2024, where the People expressed its intention to seek revocation of the Defendant's probation. Progress Hr'g Mins. at 3:19:17PM (July 18, 2024). In turn, the People filed its Motion to Revoke the Defendant's Probation ("Motion") on July 25, 2024, arguing that the Defendant's consistent violations and failure to avail himself to supportive services warrant revocation. Ppl's Mot. Revoke at 5 (July 25, 2024).

The Defendant subsequently filed his Opposition to the People's Motion on August 8, 2024. In his Opposition, the Defendant acknowledged his past violations but also shed light on his progress towards completion of his probationary conditions, such as attending some of the required self-help meetings. Opp'n at 5 (Aug. 8, 2024). He also reasoned that the passing of his wife, mother, and younger sister within the last two years attributed to his struggle to fully comply with his probationary conditions. *Id.* The court then set the matter for a Revocation Hearing to take place on September 3, 2024.

During the Revocation Hearing, Probation broke down the Defendant's history before the court heard the parties' arguments. The People reiterated its essential bases for revocation outlined in its Motion, namely: the Defendant's lack of "partial compliance" with conditions; the Defendant absconding from the court; and the eleven bench warrants issued in CF0589-14

alone. Revocation Hr'g Mins. at 2:25:40–26:40PM (Sept. 3, 2024). Contrary to the People's position, the Defendant informed the court that although he had picked up a new case in 2018, he had: attended twenty-four (24) self-help meetings; went through New Beginning's in-patient program; and performed more than eighty-eight (88) hours of community service. *Id.* at 2:26:47–29:18PM. However, the Defendant had not submitted the proper documents to corroborate his progress with Probation. After hearing the parties' arguments, the court took the matter under advisement and instructed the Defendant to submit proof of his progress to Probation.

On October 29, 2024, Probation filed an Informational Report regarding the Defendant's probation status. Upon Probation's verification, the Defendant has not completed these remaining conditions of probation: (1) fine and court cost totaling Five Thousand Eighty Dollars ($5,080.00); (2) a community service balance of eighty-eight (88) hours; and (3) treatment with Lighthouse Recovery Center ("LRC") as recommended by the Guam Behavioral Health and Wellness Center. Informational Report (Oct. 29, 2024).

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the Defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

## A. The Defendant violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

For both cases, the Defendant received a total of thirty (30) violations of probation. The court can make a factual determination that all these violations actually occurred, as evidenced by the Defendant's several positive test results and his admission on the record to the violations. Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

## B. The Defendant's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be

served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Similar to the probationer in *Camacho*, the only conditions pending completion are the Defendant's treatment, community service, and fine. Although the Defendant informed the court that he had completed all self-help meetings and partially completed treatment and community service, Probation verified whether he was telling the truth about his progress in an Informational Report.

Upon Probation's verification, the Defendant only completed twenty (20) out of twenty-four (24) required self-help meetings. Informational Report at 2 (Oct. 29, 2024). Probation also verified with LRC that he "did not complete his recommended residential treatment and

voluntarily discharged himself for personal reasons, despite being against clinical advice." *Id.* Although the Defendant stated that he worked full time volunteering with the Department of Parks and Recreation, specifically completing community service for the department under Mr. Roke Alcantra and Warren Pelteier, Probation verified that this was not the case. Opp'n at 3–5 (Aug. 8, 2024). After confirming with the department itself, Probation informed the court that the Department of Parks and Recreation "had no record of the Defendant performing community service." Informational Report at 2 (Oct. 29, 2024). Lastly, Probation verified that the Defendant had not made payments towards his fine, which still showed a balance of Five Thousand Eighty Dollars ($5,080.00). *Id.*

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. The court had given the Defendant multiple opportunities before considering revocation. For instance, after issuing many warrants for the Defendant's arrest in both cases, the court released the Defendant after he constantly reassured the court of his intent to abide by the terms of his probation. In addition, the court allowed the parties to work towards resolution through the Defendant's enrollment in the Adult Drug Court II Program, so the Defendant could prioritize treatment. When that failed, the court allowed the parties to transfer the Defendant to traditional supervision under Probation, which required less stringent check-in requirements. When he could not comply with traditional supervision, the parties were able to globalize CF0589-14 and CF0770-18 to allow the Defendant more time to complete his probationary conditions for both cases at the same time.

Instead, the Defendant absconded for approximately four (4) years and eleven (11) months. Informational Report at 2 (Oct. 29, 2024). He discharged himself from recommended

residential treatment at LRC without continuing to complete the required attendance of twenty-four (24) self-help meetings. While the court is aware of the difficulties in dealing with addiction, especially when compounded with familial struggles, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete required or recommended treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). While the Defendant believes he now has the opportunity to complete his requirements before his probation expires on February 5, 2025, the court is not convinced that he will follow through after the court gave him multiple opportunities to do so in the past. And those opportunities led to thirty violations, nine warrants of arrest, and almost five years of the Defendant absconding from the court.

The court agrees with the Defendant that "continued supervision would best satisfy the ends of justice." Opp'n at 7 (Aug. 8, 2024). In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that DOC can assist and support the Defendant on his path to recovery through the RSAT program if available. The court finds that it is in the best interests of the public and will best satisfy the ends of justice for DOC, rather than Probation, to continue supervision of the Defendant.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

A Status Hearing is scheduled before this court on November 27, 2024, at 3:00PM.

**SO ORDERED** this _____ NOV 2 0 2024 _____ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, POSC_

Date: 11/20/24 Time: 4:37pm

_Antonio R. Cruz_
Deputy Clerk, Superior Court of Guam